IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:14-CR-114-D(2) |
| VS. | § | |
| | § | |
| KEITH RENARD SIMON, | § | |
| #48131-177, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Keith Renard Simon's ("Simon's") August 27, 2024 *pro se* motion for discovery material is denied without prejudice.

I

Simon requests unspecified discovery materials, the sentencing transcript, and an updated docket transcript. He states that he requested a copy of these materials from his defense counsel but his counsel refused to provide them. Simon does not explain, however, what discovery materials he is seeking or why he needs them. He merely asks the court to direct the clerk's office to provide him copies of the requested materials.

Contrary to Simon's assertions, defense counsel David J. Pire, Esquire ("Pire"), provided Simon discovery materials and copies of pleadings from his client file on March 8, 2016. *See* Pire Resp. to Def. Simon's Request to Relinquish File (ECF No. 99). Pire also explained why certain items could not be mailed to Simon.

In the present motion, Simon does not specify the discovery materials that he is seeking. A review of the record also confirms that he did not appeal, and, consequently, the sentencing hearing was not transcribed.

Further, a criminal defendant is not entitled to a copy of court proceedings at government expense to peruse the record for possible grounds for habeas corpus relief. *United States v. Peralta-Ramirez*, 266 Fed. Appx. 360, 361 (5th Cir. 2008) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) (per curiam) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent."). While 28 U.S.C. § 753(f) provides a limited right to transcripts at government expense to an indigent defendant if the transcripts are needed to decide an issue *in a pending, non-frivolous suit*, no habeas corpus petition or motion to vacate sentence under 28 U.S.C. § 2255 filed by Simon is currently pending. *See also Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) (under 28 U.S.C. § 2250, an indigent litigant is entitled to court documents at no cost only if he has filed an application under 28 U.S.C. § 2255).

II

Therefore, Simon's motion for discovery material is denied without prejudice. Simon is advised that he is not required to file transcripts or any other pleadings with any habeas petition or § 2255 motion to vacate sentence.

III

The clerk of the court is directed to mail to Simon copies of the docket sheet in this case and of Pire's Response to Defendant Simon's Request to Relinquish File (ECF No. 99).

**SO ORDERED**.

September 20, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE